# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("AGREEMENT") is entered into by and between Adam Rawlins ("RAWLINS") and the City of Portland ("CITY") (collectively "Parties").

## RECITALS

This AGREEMENT is made with reference to the following facts:

A.   WHEREAS, RAWLINS filed a Lawsuit against CITY that is currently pending in the U.S. District Court for the District of Oregon and that is designated as *Adam Rawlins v. City of Portland, et al.*, Case No. 3:18-cv-01790 HZ (the "Lawsuit"); and

B.   WHEREAS, City denies the validity of RAWLINS's claims and denies that it is subject to any liability; and

C.   WHEREAS, all wages concededly due to RAWLINS have been unconditionally paid; and

D.   WHEREAS, all Parties wish to settle their differences without resort to further litigation; and

E.   WHEREAS, CITY is willing to provide RAWLINS with certain considerations described below, which it is not ordinarily required to, provided RAWLINS releases CITY from any claims RAWLINS has made or might make arising out of their employment with CITY and agrees to comply with the other promises and conditions set forth in this AGREEMENT.

NOW THEREFORE, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1.   **Recitals**

The Parties acknowledge that the "WHEREAS" clauses above are true and correct, and are incorporated herein as material parts to this AGREEMENT.

2.   **Definitions:**

a.   The term "Employee" means RAWLINS, their spouse or domestic partner, if any, heirs, executors, representatives, attorneys and assigns.

b.   The term "City" means the City of Portland, the Mayor, City Council, their predecessors, successors, assigns, bureaus, divisions, commissions, boards, affiliates and related corporations, independent contractors of the City, and all of the past, present and future employees, representatives, insurers, and agents of such entities (all and each in their individual and representative capacities).

**EXHIBIT**

*1*

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

c.      All references to his or her are made as "they" or "their."

3. **Effective Date**

This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT.

Furthermore, the "Effective Date" defined as the first day after CITY has received (1) an original of this AGREEMENT appropriately signed and dated by RAWLINS; (2) a filed Stipulation of Dismissal of All Parties with Prejudice executed by RAWLINS or attorney for RAWLINS in the Lawsuit; (3) fully-executed tax forms for all individuals/entities receiving checks; and (4) approval of this Agreement by ordinance of City Council.

This Agreement shall not be effective against the City of Portland unless and until the City Council adopts the Agreement by ordinance. Other than City Council's failure to adopt this Agreement, the City shall not revoke its agreement hereto, and the parties acting as signatories to the Agreement on behalf of the City will support adoption of this Agreement by ordinance to City Council.

4. **Consideration**

As consideration for signing this AGREEMENT and compliance with the promises made herein, CITY agrees to:

(A) Pay to RAWLINS EIGHTY THOUSAND DOLLARS AND NO/100 CENTS ($80,000.00), payable as taxable compensatory/emotional damages related to an alleged battery and/or physical injury and attorney's fees to RAWLINS and their counsel, BEN ROSENTHAL, for which a 1099 shall be issued; and to

CITY shall provide the consideration identified in this paragraph after the Effective Date of this AGREEMENT as described in Paragraph 3.

RAWLINS understands and agrees that they would not receive the monies and/or benefits specified above, but for their execution of this AGREEMENT and the fulfillment of the promises contained herein.

Any payment under this agreement is not made for hours worked by Employee. Neither Employee nor attorney for Employee shall negotiate the check until such time as a dismissal is entered in the underlying case.

5. **Right to Engage in Protected Activity**

Nothing in this AGREEMENT including but not limited to the General Release of Claims, No Further Employment, Confidentiality, Non-Disparagement, Conditions paragraphs, or any other paragraphs whether referencing this paragraph or not, prevents RAWLINS from filing a charge or complaint with, from participating in an investigation or proceeding conducted by, providing information to, or otherwise assisting the EEOC, NLRB, SEC, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the NLRA to engage in joint activity with other employees, although by signing this AGREEMENT RAWLINS is waiving rights to individual relief (including front pay, back

pay, reinstatement or other legal or equitable relief) based on claims asserted in such a charge or complaint or other proceeding brought by RAWLINS or on their behalf by any third party, except for any right RAWLINS may have to receive a payment from a government agency (and not the Company) for information provided to the government agency or otherwise prohibited.

6. **Affirmations**

RAWLINS represents and affirms that they have been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which they may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due him/her, except as provided for in this AGREEMENT. RAWLINS reported all work-related injuries suffered during employment and any and all concerns regarding suspected ethical and compliance issues or violations on the part of CITY or any released person or entity.

7. **No Further Employment**

Subject to the rights enumerated in paragraph 5, "Right to Engage in Protected Activity," RAWLINS acknowledges that their employment with CITY terminated effective April 12, 2019. RAWLINS permanently, unequivocally, and unconditionally waives any and all rights RAWLINS may now have, may have had in the past, or may have in the future to obtain or resume employment with CITY. RAWLINS agrees never to apply for employment with CITY. In the event that RAWLINS is ever mistakenly employed by CITY, RAWLINS agrees to have their employment terminated with no resulting claim or cause of action against CITY.

8. **No Assignment**

The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

9. **Non-Disparagement**

Subject to the rights enumerated in enumerated in paragraph 5, "Right to Engage in Protected Activity," RAWLINS agrees that they will not provide information, issue statements, or take any action, directly or indirectly, that would cause CITY embarrassment or humiliation or otherwise cause or contribute to CITY being held in disrepute, except that nothing herein shall prevent RAWLINS from providing truthful information and testimony (a) to government authorities; (b) in any legal proceedings; or (c) as required by law.

Likewise, CITY agrees that it will direct PBOT Maintenance Operations Managers and the individual defendants herein that they will not disparage RAWLINS or otherwise cause or contribute to RAWLINS being held in disrepute, except that nothing herein shall prevent CITY employees from providing truthful information and testimony (a) to government authorities; (b) in any legal proceedings; or (c) as required by law.

10. **No Admission of Liability**

The commitments by the City provided by this Settlement Agreement and Release of All Claims and the City's execution of this Settlement Agreement and Release of All Claims is to compromise doubtful and disputed claims and shall not operate or be interpreted as an admission of liability as to any claim, past, present or future, known or unknown, suspected or unsuspected, that Employee has or might have asserted against the City, arising out of conduct that occurred prior to the date of this Settlement Agreement and Release of All Claims, by whom liability is expressly denied.

11. **Release**

In consideration of the promises made in this document, Employee, by signing this Agreement, accepts this settlement as a complete and final resolution and settlement of any and all liabilities and claims, direct or indirect, under any state or federal authority, and voluntarily releases and forever discharges the City from all claims arising from or in any way related to Employee's employment as a City of Portland employee. This release and discharge includes, but is not limited to, any and all claims Employee has or might have asserted as grievances under a collective bargaining agreement or as claims in other actions, suits or proceedings that have or could have been brought under any labor agreement, the Charter and Code of the City of Portland, Oregon, any local, state or federal statutes and regulations, or common law, including, but not limited to the City of Portland Civil Service Rules, Human Resources Administrative Rules, the Oregon Employer Liability Law pursuant to Chapter 654 of the Oregon Revised Statutes, Oregon Fair Employment Practices Act (ORS Chapters 659A and 659), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Federal Rehabilitation Act of 1973, all federal and state wage and hour statutes and the Federal Fair Labor Standards Act, the Americans with Disabilities Act, the Family Medical Leave Act, the Age Discrimination in Employment Act, the Uniformed Services Employment and Reemployment Rights Act of 1994 (38 USC Sections 4301-4333), 42 USC Sections 1981-1988, the Equal Pay Act of 1963, the Oregon Constitution and the Constitution of the United States, and all claims for attorney fees and costs.

12. **Reservation of Rights**

Nothing in this Settlement Agreement and Release of All Claims shall affect or apply to, waive or release any claim or benefit related to Employee's participation, if any, in the Public Employees Retirement System, 457 deferred compensation program, or rights granted by the Consolidated Omnibus Budget Reconciliation Act (COBRA).

13. **Agreements**

a.     Agreement Not to Use Prior Events for any Purpose

Subject to the rights enumerated in enumerated in paragraph 5, "Right to Engage in Protected Activity," RAWLINS agrees that in any future proceeding involving the employee, the City, and/or its employees, they cannot use for any purpose any evidence of events related to their employment which occurred prior to the effective date of this Agreement.

b.     Agreement as to Grievances and Civil Service Appeals

Pursuant to the full settlement, satisfaction and release of any and all actual and potential claims provided in this Agreement, Employee agrees not to pursue in any manner any grievance, legal recourse, or appeal of any kind or nature whatsoever

against the City for any reason related in any way to the dispute or to any other claim, issue, or set of facts released herein. The City understands that a union may have other rights separate from this Agreement and those rights are not addressed in this paragraph.

c.    <u>Agreement of Understanding as to Disclosure of Terms</u>

       i.    The Parties further understand, stipulate and agree that since the City is a public body under Oregon law, this document and the terms thereof are possibly disclosable and discoverable under the Public Records Law of the State of Oregon pursuant to Chapter 192 of the Oregon Revised Statutes, and that no promise, guarantee or provision can be made with respect to the confidentiality, publicity, or reporting of the terms of this Agreement.

      ii.    This agreement shall be placed in the appropriate personnel files.

## 14. **Acknowledgments**

a.    <u>Acknowledgment as to Acceptance</u>

Employee acknowledges that they accepted this settlement offer as of the date Employee executed this Agreement.

b.    <u>Acknowledgment as to Known and Unknown Losses</u>

       i.    This Settlement Agreement and Release of All Claims is intended to, and does, cover not only all known losses and damages, and all claims asserted or that could have been claimed or asserted, but any further losses and damages resulting from Employee's employment which are not now known or anticipated which may later develop or be discovered, including all effects and consequences thereof. This includes but is not limited to any tort or breach of contract, breach of express or implied employment agreement, wrongful discharge, constructive discharge, intentional infliction of emotional distress, discrimination, defamation, loss of consortium or tortious interference with contractual relations. This also includes any damage that may result from disclosure of information made as a result of any order issued pursuant to the State of Oregon Public Records Law (Chapter 192 of the Oregon Revised Statutes).

      ii.    Employee acknowledges that they are aware that they or their attorney may discover facts different from or in addition to the facts that they now know or believe to be true with respect to their employment or any of the claims they has asserted or could assert or any other claim that is in any way related to Employee's employment with City through the date of full execution of this Agreement, or with respect to the subject matter of the Dispute, but that it is their intention to and they hereby does fully, finally absolutely and forever settle any and all claims, disputes and differences with City as described herein.

c.      Acknowledgment as to Cooperation

Employee and City agree to execute, acknowledge and/or deliver any and all documents reasonably necessary to carry out and perform their respective obligations under this Settlement Agreement and Release of All Claims.

d.      Acknowledgment as to Settlement Agreement and Release of All Claims Made with Advice of Counsel

The Parties acknowledge and agree that they have been, or that they understand that they have the right to be, represented and advised by legal counsel of their own choice throughout all negotiations and mediation sessions, if any, that preceded the execution of this Settlement Agreement and Release of All Claims, and with respect to the execution of this Settlement Agreement and Release of All Claims. The parties acknowledge and agree that by this reference, the City advised Employee to take this Agreement and Release to an attorney of their own choosing for review and explanation.

e.      Acknowledgment as to Severability of Terms

    i.      Except as provided in this paragraph, every provision contained in this Settlement Agreement and Release of All Claims is intended to be severable. In the event a court or agency of competent jurisdiction determines any term or provision contained in this Settlement Agreement and Release of All Claims to be illegal, invalid or unenforceable, such illegality, invalidity or unenforceability shall not affect the other terms and provisions in this Settlement Agreement and Release of All Claims and the remainder of the Settlement Agreement and Release of All Claims shall continue in full force and effect, except as provided below.

    ii.      Notwithstanding the above, in the event a court or agency of competent jurisdiction determines that any of the provisions herein are held to be illegal, this entire Settlement Agreement and Release of All Claims shall be void.

f.      Acknowledgment as to Time for Consideration of Offer and Agreement

Employee acknowledges that they have had a reasonable period of time in which to consider, negotiate and sign this Settlement Agreement and Release of All Claims.

g.      Acknowledgement as to Resolution of Ambiguous Terms

Both parties acknowledge that they have had an opportunity to provide, edit and alter language of this Settlement Agreement, and that they have had an opportunity to review it with counsel. Therefore the parties stipulate and agree that this settlement shall not be automatically construed for or against either party in order to resolve any ambiguity of any of the terms of this settlement.

## 15. **Prior Agreements Superseded**

This Settlement Agreement and Release of All Claims contains the entire agreement of the City and Employee and that it supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises, and is intended fully to integrate the agreement between Employee and City with respect to settlement of the matters described herein.

## 16. Attorney Fees

The Parties agree that they are not and shall not be liable for any of the other party's attorneys' fees or costs incurred in connection with the resolution of the dispute or preparation or execution of this Settlement Agreement and Release of All Claims. The Parties agree and expressly represent that any and all claims for attorney fees arising out of their respective claims are expressly discharged by this Agreement.

## 17. Choice of Law

This settlement document shall be construed in accordance with and governed by the statutes of common law of the State of Oregon (without regard to choice of law rules). Any disputes now or hereafter arising in connection with the execution or operation of these documents, regardless of whether such disputes arise in contract, tort or otherwise, shall be governed and determined by the applicable laws of the State of Oregon.

## 18. Signatures and Certifications

I, ADAM RAWLINS, FURTHER AGREE AND CERTIFY THAT [initial each]:



I HAVE CAREFULLY READ THIS ENTIRE DOCUMENT.

I HAD AN ADEQUATE OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF MY CHOICE PRIOR TO SIGNING THIS AGREEMENT

THE CITY HAS PROVIDED NO INFORMATION CONCERNING POSSIBLE TAX CONSEQUENCES OF THIS AGREEMENT AND RELEASE OF PAYMENTS THEREUNDER

I INTELLIGENTLY, KNOWINGLY AND VOLUNTARILY AGREE TO THE TERMS OF THIS AGREEMENT AND RELEASE

I AM SIGNING THIS AGREEMENT AND RELEASE VOLUNTARILY AND WITH THE FULL INTENT OF RELEASING THE CITY FROM ALL CLAIMS RELATING TO, OR ARISING OUT OF, MY EMPLOYMENT WITH THE CITY OF PORTLAND.

I UNDERSTAND THAT IF I EVER ASSERT ANY CLAIM AGAINST THE CITY ARISING OUT OF MY EMPLOYMENT WITH THE CITY THAT EXISTED OR OCCURRED BEFORE THE EFFECTIVE DATE OF THIS AGREEMENT, THIS AGREEMENT MAY BE PLEADED AS AN ABSOLUTE DEFENSE TO THE CLAIM.

I UNDERSTAND THIS AGREEMENT COVERS NOT ONLY KNOWN LOSSES AND DAMAGES, BUT ANY FURTHER LOSSES, DAMAGES AND CONSEQUENCES RESULTING FROM MY CITY EMPLOYMENT EVEN IF THEY ARE NOT NOW KNOWN, ANTICIPATED, DEVELOPED OR DISCOVERED.

NO ONE HAS MADE ANY PROMISE OR REPRESENTATION TO INDUCE ME TO SIGN THIS AGREEMENT THAT IS NOT CONTAINED IN THIS AGREEMENT.

I HAVE NOT RELIED ON ANY PROMISE OR REPRESENTATION THAT IS NOT CONTAINED IN THIS AGREEMENT IN DECIDING TO SIGN THIS AGREEMENT.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the day and year written below.

_____          Date: 6/24/19
ADAM RAWLINS
Former Employee

STATE OF OREGON )
                        ) ss.
County of Multnomah     )

This instrument was acknowledged before me this 24th day of June, 2019.

OFFICIAL STAMP
VERITY R STURDAVANT
NOTARY PUBLIC-OREGON
COMMISSION NO. 957158
MY COMMISSION EXPIRES DECEMBER 11, 2020

_____
NOTARY PUBLIC FOR OREGON
My Commission expires: December 11, 2020

_____          Date: 8/1/19
Chloe Eudaly
Commissioner-in-Charge

_____          Date: 7/9/19
Chris Warner, Director
Portland Bureau of Transportation

_____          Date:_____
Serilda Summers-McGee, Director
Bureau of Human Resources

**APPROVED AS TO FORM:**

_____          Date: 24 JUNE 2019
Anne Milligan
Deputy City Attorney

**SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS**

IN WITNESS WHEREOF, the parties have signed this Agreement as of the day and year written below.

_(signature)_
ADAM RAWLINS                                            Date: 6/24/19
Former Employee

STATE OF OREGON )
                                  ) ss.
County of Multnomah      )

This instrument was acknowledged before me this 24ᵗʰ day of June, 2019.

OFFICIAL STAMP
**VERITY R STURDAVANT**
NOTARY PUBLIC-OREGON
COMMISSION NO. 957158
MY COMMISSION EXPIRES DECEMBER 11, 2020

_(signature)_
NOTARY PUBLIC FOR OREGON
My Commission expires: December 11, 2020

_____                    Date:_____
Chloe Eudaly
Commissioner-in-Charge


_____                    Date:_____
Chris Warner, Director
Portland Bureau of Transportation

_(signature)_                                            Date: 7/25/19
Serilda Summers-McGee, Director
Bureau of Human Resources

**APPROVED AS TO FORM:**

_(signature)_                                            Date: 24 JUNE 2019
Anne Milligan
Deputy City Attorney